**SO ORDERED.**

**SIGNED September 13, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA

IN RE:

DAMIAN SKYLAR BURGESS                      CASE NO. 03-52612

     Debtor                                CHAPTER 7
-----------------------------------------------------------------
MICHAEL THIBODEAUX

     Plaintiff

Versus                                     ADV. NO. 03-5066

DAMIAN SKYLAR BURGESS

     Defendant
-----------------------------------------------------------------
                      REASONS FOR DECISION
-----------------------------------------------------------------
```

Damian Skylar Burgess ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on November 4, 2003, and on that day an order for relief was duly entered. Michael Thibodeaux has filed this Complaint alleging that the debt

owed to him by the Debtor is nondischargeable pursuant to the provisions of section 523(a)(6).

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## SECTION 523(a)(6)

Section 523(a)(6) provides that a discharge received in chapter 7 does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." While the Bankruptcy Code does not provide any definition of the phrase "willful and malicious," the courts of the United States have removed any confusion by virtue of dozens of reported cases.

The Fifth Circuit, with guidance from the United States Supreme Court, has clearly defined the terms "willful and malicious" in the context of section 523(a)(6):

Page 2

> On several occasions, "we have defined 'willful and malicious' under section 523(a)(6) to mean 'without just cause or excuse.' Willful means intentional and malicious adds the absence of just cause or excuse." <u>Seven Elves, Inc. v. Eskenazi</u>, 704 F.2d 241, 245 (5th Cir.1983); <u>accord</u> <u>Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.</u>, 783 F.2d 480, 486 (5th Cir.1986); <u>see also</u> 3 Collier on Bankruptcy P 523.16 (Lawrence P. King ed., 14th ed. 1979) (discussing the definition of "willful and malicious" as used in § 523(a)(6)).

<u>Matter of Garner</u>, 56 F.3d 677, 681 (5th Cir. 1995). Further, the Fifth Circuit has held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." <u>Matter of Miller</u>, 156 F.3d 598 (5th Cir. 1998).

In the <u>Miller</u> decision, the court refined its prior decisions in order to comport with the then-recent Supreme Court decision of <u>Kawaauhau v. Geiger</u>, 118 S.Ct. 974, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). In <u>Kawaauhau</u>, the plaintiff had obtained a money judgment against the defendant, an uninsured physician, based upon medical malpractice. Plaintiff contended that the debt was nondischargeble under section 523(a)(6). The Supreme Court held, however, that debts arising from recklessly or negligently inflicted injuries do not fall within the willful and malicious injury. This finding resulted from a literal interpretation of the statute:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.,* "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences of an act," not simply "the act itself." Restatement (Second) of Torts §§ 8A, Comment* a, *p. 15 (1964) (emphasis added).*

523 U.S. at 62.

The plaintiff bears the burden of proving each element of a dischargeability complaint by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

**FACTUAL BACKGROUND**

On July 30, 2002, the Debtor and Mr. Thibodeaux were participating in a pool tournament at an establishment known as The Flamingo Lounge in Rayne, Louisiana. The parties were on opposing teams which were competing with one another. At some point in the evening, there was an altercation between Mr. Thibodeaux, the Debtor and others. Thibodeaux claims that he was struck by the Debtor and received injuries to his left eye. The Debtor was issued a citation for simple assault in connection with the

incident. Melissa Thibodeaux, the wife of Mr. Thibodeaux, also received a citation for simple battery. Mr. Thibodeaux filed a petition for damages in state court and obtained a judgment against the Debtor and other on May 5, 2003.

Seven witnesses testified in this matter. Based upon the testimony, there are a limited number of facts which are not in dispute. The Debtor was playing a match against Matt Schnaars, the captain of the team on which Thibodeaux was playing. The Debtor and Mr. Thibodeaux engaged in verbal banter until one or the other of them decided to make the exchange physical.

This is where the testimony takes two very different paths. Witnesses for Thibodeaux were Mr. Thibodeaux, Mrs. Thibodeaux, Matt Schnaars and Dan Schnaars. Each of the witnesses for Thibodeaux testified that the Debtor became aggravated and assertive and first threatened Thibodeaux and eventually walked up to him and punched him in the face.

The witnesses for the Debtor, which included the Debtor, Cynthia Lyons and Michael Castille, testified that Mr. Thibodeaux was the aggressor and that the Debtor did not throw a punch. The Debtor testified that Thidodeaux was the one making threats, that Mrs. Thibodeaux slapped him and that all that he, the Debtor, did was walk up to Thibodeaux and take his glasses off of his face. Debtor asserts that Thibodeaux's injury occurred when he was struck

03-05066 - #38   File 09/13/05   Enter 09/14/05 10:30:57   Main Document   Pg 5 of 7

by his own wife.

Having reviewed the testimony of the witnesses and having personally viewed the witnesses during that testimony, the court finds that the testimony of the Plaintiff's witnesses, and particularly that of Matt Schnaars, was the most credible. Matt Schnaars testified that during his match with the Debtor, the Debtor and Mr. Thibodeaux taunted one another with the Debtor turning aggressive. According to Mr. Schnaars, he, as captain, called the match when the Debtor made a comment which was perceived to be a threat of physical violence. As his team, including Mr. Thibodeaux, were packing up their belongings, the Debtor made further threats against Mr. Thibodeaux. The Debtor challenged Mr. Thibodeaux to "take it outside." When Mr. Thibodeaux refused and remained seated, the Debtor ran up to Mr. Thibodeaux and punched him in the face.

Based upon what the court believes to be the most credible version of events, the court finds that the Debtor clearly intended to do physical harm to Thibodeaux. His actions were intentional and without just cause. As such, the claim arising from those actions fall within the exception to discharge located at section 523(a)(6). Judgment will therefore be entered in favor of Plaintiff finding that the debt owed to Mr. Thibodeaux by Debtor arising from the July 30, 2002 incident which was established in

the judgment entered in the 15th Judicial District Court on May 5, 2003, is nondischargeable.  Within 20 days, counsel for Plaintiff shall submit an order in conformity with the foregoing reasons.

**IT IS SO ORDERED.**

###

Page 7

03-05066 - #38  File 09/13/05  Enter 09/14/05 10:30:57  Main Document  Pg 7 of 7